UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

LA TISSOT, LLC, a Florida limited liability
company, and SIERRA MÓVEIS, LTDA.,
a Brazilian limited liability corporation,

    Plaintiffs,

CASE NO:

v.

ANTONIO LUCCHESI, a Brazilian citizen,
VERIDIANA LUCCHESI, a Brazilian citizen, and
SIERRA USA CORPORATION, a Florida
corporation,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY JUDGMENT

LA TISSOT, LLC ("Tissot LLC") and SIERRA MÓVEIS, LTDA. ("Sierra Brasil") (together, "Plaintiffs") sue ANTONIO LUCCHESI, ("Lucchesi") VERIDIANA LUCCHESI ("Mrs. Lucchesi"), and SIERRA USA CORPORATION ("Sierra USA") (together, "Defendants"), and in support allege as follows:

## NATURE OF ACTION

1. This is an action for damages, injunctive relief, accounting, and other relief, including declaratory relief under 28 U.S.C. § 2201. This lawsuit arises out of Defendant Lucchesi's misappropriation of corporate assets of Sierra USA and its misuse of the trademark and trade name of Sierra Brasil.

## THE PARTIES

2. Plaintiff Tissot LLC is a limited liability company. Its sole member is Luiz André Tissot ("Tissot"), who is a citizen of Brazil. Consequently, Tissot LLC is a citizen of Brazil.

Page 1 of 15

For purposes of this lawsuit, Tissot LLC and Defendant Lucchesi own (directly or indirectly) a 50% stake in Defendant Sierra USA Corporation.

3. Plaintiff Sierra Brasil is a company organized under the laws of Brazil with its principal place of business in Gramado, Rio Grande do Sul, Brazil. Accordingly, Sierra Brasil is a citizen of Brazil. For purposes of this action, Sierra Brasil manufactures and sells furniture. Tissot is also an owner and principal of Sierra Brasil.

4. Defendant Lucchesi is an individual and a citizen of Brazil, presently residing in the state of Florida. For purposes of this lawsuit, Lucchesi owns a 50% stake in Defendant Sierra USA through his holding company, non-party Pure Sugar Corporation ("Pure Sugar"). Furthermore, Lucchesi is a director and officer of Sierra USA.

5. Defendant Mrs. Lucchesi is an individual and a citizen of Brazil, presently residing in the state of Florida. For purposes of this lawsuit, Mrs. Lucchesi is a director and officer of Sierra USA.

6. Defendant Sierra USA is a corporation organized under the laws of Florida with its principal place of business in Miami, Florida. Accordingly, it is a citizen of Florida. For purposes of this action, Sierra USA ordered furniture from Sierra Brasil to sell in its retail stores in the Miami area.

**JURISDICTION AND VENUE**

7. This Court has jurisdiction under 28 U.S.C. § 1332(a). Specifically, this is a dispute between citizens of a foreign state, and a citizen of the state of Florida. Furthermore, the amount in controversy exceeds $75,000, exclusive of interest, attorney's fees, and costs.

8. Additionally, this Court has jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws of the United States. Specifically, this case involves trademark

infringement in violation of several provisions of Title 15, Chapter 22 of the U.S. Code.

9. To the extent state law claims are raised, this Court has jurisdiction under 28 U.S.C. § 1367. These claims are related to Plaintiff's federal law claims, arise out of the same nucleus of operative facts, and form part of the same case or controversy under Article III of the United States Constitution.

10. Venue is proper in this district since "a substantial part of the events…giving rise to the claim occurred" in this district. 28 U.S.C. § 1391(A)(2). More specifically, the defendants are located in this district, conducted business in this district, and committed the negligent and wrongful acts described below in this district.

11. All conditions precedent to filing this lawsuit have occurred, been performed, or have been waived.

## COMMON ALLEGATIONS

*Background*

12. At all relevant times up to the present, Tissot, LLC and Lucchesi each owned a 50% stake in Sierra USA.

13. Additionally, Lucchesi is both a director and officer of Sierra USA.

14. Mrs. Lucchesi is also a director and officer of Sierra USA.

15. Sierra USA was created for the purpose of marketing and selling Sierra Brasil's merchandise (largely furniture) in the Miami area.

16. Sierra USA and Sierra Brasil had an ongoing arrangement whereby the former would order goods from the latter, pay and re-sell them in retail stores in the Coral Gables and Sunny Isles areas.

17. All parties had an understanding that Sierra USA would sell Sierra Brasil

merchandise exclusively.

18. At all times relevant, both of Sierra USA's retail locations operated with signs that read "SIERRA." As used in Sierra USA's locations, the sign "SIERRA" is the exact same font, letters, and capitalization as the sign "SIERRA" that Sierra Brasil uses in Brazil.

*Lucchesi and Mrs. Lucchesi misappropriate corporate funds*

19. At all times relevant, Lucchesi and Mrs. Lucchesi were directors and/or officers of Sierra USA.

20. At no time did Lucchesi or Mrs. Lucchesi possess the unilateral authority to determine the compensation of themselves or any other director or officer of Sierra USA.

21. At the commencement of Sierra USA's business, Tissot LLC and Pure Sugar agreed that no officer or director of Sierra USA would receive any compensation from the company for the first two years of its operation.

22. In or around August 2015, Tissot LLC and Pure Sugar agreed to begin compensating Lucchesi and Mrs. Lucchesi. Under the agreement, Lucchesi and Mrs. Lucchesi were to be compensated as directors and/or officers of Sierra USA, depending on the company meeting certain sales goals.

23. Even though Sierra USA repeatedly failed to meet the agreed sales goals, Lucchesi and Mrs. Lucchesi nonetheless caused the company to pay them significantly more money than the agreement allowed.

24. Lucchesi and Mrs. Lucchesi consequently abused their position and authority to misappropriate funds from Sierra USA and deplete corporate assets, which thereby damaged Tissot LLC's 50% interest in the company.

25. Additionally, Lucchesi's and Mrs. Lucchesi's conduct caused Sierra USA to

accrue substantial amounts of debt, further injuring Tissot LLC's interest in the company.

26. The damage caused by Lucchesi's and Mrs. Lucchesi's misappropriation of funds was compounded by their negligent and inadequate accounting and bookkeeping. More specifically, Lucchesi and Mrs. Lucchesi failed to complete certain tax forms and/or failed to provide the same to Tissot on request. They also failed to complete balance sheets for 2014 and 2015, which were requested by a bank for a potential financing arrangement. Furthermore, the monthly expense reports of Sierra USA were always circulated late, and never included material documentation or verification of the business's ostensible expenses

***Sierra USA infringes on Sierra Brasil's trademark and trade name***

27. In or around July 2016, Sierra USA began advertising for a floor sample sale.

28. The promotional materials were branded with the "Sierra" name. However, the materials included photographs of furnishings that are not Sierra Brasil products.

29. Simply put, Lucchesi, Mrs. Lucchesi, and Sierra USA were wrongfully using Sierra Brasil's brand to market, promote, and sell a competitor's products in its retail locations, which operated under "Sierra" signage.

30. Accordingly, Lucchesi, Mrs. Lucchesi, and Sierra USA have misappropriated and infringed upon Sierra Brasil's trademark and trade name.

31. These acts by Lucchesi, Mrs. Lucchesi, and Sierra USA have caused confusion in the marketplace. Customers do not know that genuine Sierra goods are being replaced by other manufacturers. Moreover, other customers and dealers of Sierra Brasil in other countries are confused; it appears to them that different products are sold under the Sierra name in Miami that are not available anywhere else. Because Sierra Brasil has a global brand, the actions orchestrated by Lucchesi, Mrs. Lucchesi, and Sierra USA from Miami have caused Sierra Brasil

harm in the United States and other countries.

## COUNT I – BREACH OF FIDUCIARY DUTY
*Against Lucchesi and Mrs. Lucchesi*

32. In this count, Tissot LLC re-alleges all allegations in paragraphs 1 through 31 as if fully set forth here.

33. Lucchesi (through his holding company, Pure Sugar) and Tissot LLC are the 50/50 owners of Sierra USA.

34. Consequently, Sierra USA is a closely-held corporation.

35. In addition to being half-owner, Lucchesi is a director and officer of Sierra USA.

36. Mrs. Lucchesi is also a director and officer of Sierra USA.

37. Lucchesi and Mrs. Lucchesi lacked the authority to unilaterally determine their compensation, or that of any other director or officer.

38. As directors and officers, Lucchesi and Mrs. Lucchesi owe Tissot LLC a fiduciary duty to act in good faith and the best interest of the company.

39. Specifically, Lucchesi and Mrs. Lucchesi owe Tissot LLC a fiduciary duty to refrain from misappropriating corporate funds for their own use and benefit.

40. Lucchesi and Mrs. Lucchesi breached their fiduciary duty to Tissot LLC by exceeding their authority and causing Sierra USA to pay them excessive compensation to which they were not entitled.

41. Lucchesi's and Mrs. Lucchesi's breach of their fiduciary duty caused damages to Tissot LLC. Specifically, by depleting Sierra USA's assets for their own benefit, Lucchesi and Mrs. Lucchesi diminished the value of Tissot LLC's 50% stake in the company. Lucchesi and Mrs. Lucchesi must also return all of the compensation paid to them; none of it was actually authorized.

42. Tissot LLC is entitled to an award of damages in excess of $75,000, the costs of this action, and any other such relief that the Court deems appropriate under the circumstances.

**COUNT II – NEGLIGENT ACCOUNTING**
*Against Lucchesi and Mrs. Lucchesi*

43. In this count, Sierra Brasil re-alleges all allegations in paragraphs 1 through 31 as if fully set forth here.

44. As directors and officers of Sierra USA, Lucchesi and Mrs. Lucchesi owed shareholder Tissot LLC a duty to ensure that Sierra USA engaged in adequate accounting practices. Lucchesi and Mrs. Lucchesi were in charge of the accounting practices and had the obligation to carry out these duties with the appropriate duty of care.

45. Lucchesi and Mrs. Lucchesi breached their duty by failing to ensure that Sierra USA engaged in reasonable or adequate accounting practices.

46. Specifically, Lucchesi and Mrs. Lucchesi failed to account for certain losses, payments, and debts made or owed by Sierra USA. For example, they failed to account for his unauthorized payments of compensation to themselves.

47. Due to Lucchesi's and Mrs. Lucchesi's negligent failure to ensure that Sierra USA engaged in reasonable and adequate accounting practices, the company has been unable to operate successfully or profitably.

48. Lucchesi's and Mrs. Lucchesi's negligence proximately caused damages to Tissot LLC. Because Lucchesi's and Mrs. Lucchesi's failure to ensure reasonable or adequate accounting practices injured the financial health of Sierra USA, Tissot LLC's 50% interest in the company was directly injured as well.

49. Tissot LLC is entitled to an award of damages in excess of $75,000, the costs of this action, and any other such relief that the Court deems appropriate under the circumstances.

## COUNT III – TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1125(a)
*Against All Defendants*

50. In this count, Sierra Brasil re-alleges all allegations in paragraphs 1 through 31 as if fully set forth here.

51. Defendants have violated 15 U.S.C. § 1125(a) by using a false designation of origin, a false or misleading description of fact, or a false or misleading representation of fact in connection with its goods or services.

52. Specifically, Defendants have used Sierra Brasil's trademark and trade name to market and sell a competitor's products in the same geographical area in which Sierra Brasil has already established its trademark and trade name.

53. In violation of 15 U.S.C. § 1125(a)(1), Defendants' use of an identical name and mark with the same type of product is likely to cause confusion, mistake, and/or deception as to the affiliation, connection, or association between Sierra Brasil and Sierra USA, and the parties' respective goods and services.

54. In violation of 15 U.S.C. § 1125(a)(2), Defendants' advertising or promotion of others' products under Sierra Brasil's trademark and trade name misrepresents the nature, characteristics, qualities, and/or origin of their goods and services.

55. As a result of Defendants' conduct, Sierra Brasil has suffered damage to its business, including but not limited to past and ongoing loss of goodwill and reputation. Furthermore, the future loss of goodwill cannot be adequately remedied at law, and Sierra Brasil will continue to suffer irreparable harm until Defendants' conduct is enjoined.

56. Sierra Brasil is entitled to injunctive relief under 15 U.S.C. § 1116 and recovery of damages jointly and severally, pursuant to 15 U.S.C. §. 1117(a). Damages include actual

damages sustained by Sierra Brasil, Defendants' profits, treble damages, prejudgment interest, the costs of this action, reasonable attorney's fees, and any other such relief that the Court deems appropriate under the circumstances.

### COUNT IV – TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1125(c)
*Against All Defendants*

57. In this count, Sierra Brasil re-alleges all allegations in paragraphs 1 through 31 as if fully set forth here.

58. Defendants' use of Sierra Brasil's trademark and trade name in the promotion and marketing of others' products has caused and continues to cause dilution of the distinctive quality of Sierra Brasil's trademark in violation of 15 U.S.C. § 1125(c).

59. Sierra Brasil's trademark and trade name are distinctive and famous within the meaning of the statute, and Defendants' use of its mark and name began after Sierra Brasil's trademark and trade name became distinctive and famous.

60. Defendants willfully intended to trade on Sierra Brasil's reputation in the market, and intended to cause dilution of Sierra Brasil's mark and name.

61. To wit, Defendants attempted to sell competitors' products out of stores that bore the "Sierra" name on their storefront.

62. Defendants have infringed Sierra USA's trademark and trade name willfully and intentionally.

63. As a result of Defendants' conduct, Sierra Brasil has suffered damage to its business, including but not limited to past and ongoing loss of goodwill and reputation. Further, the future loss of goodwill cannot be adequately remedied at law, and Sierra Brasil will continue to suffer irreparable harm until Defendants' conduct is enjoined.

64. Sierra Brasil is entitled to injunctive relief under 15 U.S.C. § 1116 and recovery

of damages jointly and severally, pursuant to 15 U.S.C. §. 1117(a). Damages include actual damages sustained by Sierra Brasil, Defendants' profits, treble damages, prejudgment interest, the costs of this action, reasonable attorney's fees, and any other such relief that the Court deems appropriate under the circumstances.

**COUNT V – TRADE NAME INFRINGEMENT
IN VIOLATION OF FLA. STAT. § 495.141**
*Against All Defendants*

65. In this count, Sierra Brasil re-alleges all allegations in paragraphs 1 through 31 as if fully set forth here.

66. Defendants misappropriated Sierra Brasil's trade name "Sierra" in order to promote, market, and sell competitors' goods.

67. This misappropriation began after Sierra Brasil's trade name became famous in Florida, and is likely to cause dilution of the distinctive quality of the name.

68. In infringing Sierra Brasil's trade name, Defendants willfully intended to trade on Sierra Brasil's reputation or otherwise cause dilution of its trade name and trademark.

69. To wit, Defendants attempted to sell competitors' products out of stores that bore the "Sierra" name on their storefront.

70. Plaintiff is entitled to injunctive relief under Fla. Stat. § 495.151 and recovery of damages jointly and severally, pursuant to Fla. Stat. § 495.141.  Damages include actual damages sustained by Sierra Brasil. Defendants' profits, treble damages, prejudgment interest, the costs of this action, reasonable attorney's fees, and any other such relief that the Court deems appropriate under the circumstances.

## COUNT VI – TRADE NAME INFRINGEMENT
## IN VIOLATION OF FLA. STAT. § 495.141
*Against All Defendants*

71.     In this count, Sierra Brasil re-alleges all allegations in paragraphs 1 through 31 as if fully set forth here.

72.     Defendants' appropriation of Sierra's trade name and trademark "Sierra" constitutes an unfair method of competition, an unconscionable act or practice, and an unfair or deceptive act or practice in the conduct of trade or commerce, in violation of the Florida Deceptive and Unfair Trade Practice Act ("FDUTPA"), Fla. Stat. § 501.204.

73.     By marketing and selling other companies' goods under Sierra Brasil's business name, Defendants have offended established public policy, and have committed acts that are immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers.

74.     At all times, Defendants acted knowingly and intentionally, to deliberately injure Sierra's business interests, and to cause confusion in the marketplace.

75.     Sierra Brasil is entitled to a declaration that the Court declare that Defendants' conduct violates the FDUTPA, an injunction ordering Defendants to cease their unlawful conduct pursuant to Fla. Stat. § 501.211(1), and an award of damages in an amount to be determined at trial pursuant to Fla. Stat. § 501.211(2), including prejudgment interest, attorney's fees in accordance with Fla. Stat. § 501.2105(1), and costs, as well as any other such relief that the Court deems appropriate under the circumstances

## COUNT VII – EQUITABLE ACCOUNTING
*Against Lucchesi and Mrs. Lucchesi*

76.     In this count, Tissot LLC re-alleges all allegations in paragraphs 1 through 31 as if fully set forth here.

77.     As directors and officers of Sierra USA, Lucchesi and Mrs. Lucchesi owe Tissot

LLC a fiduciary duty, as the company's 50% shareholder.

78. Lucchesi and Mrs. Lucchesi breached their fiduciary duty by taking more compensation than they were entitled to, and by engaging in negligent accounting practices.

79. The money Lucchesi and Mrs. Lucchesi have taken from Sierra USA is in their personal possession or has been in their personal possession.

80. Tissot LLC seeks an accounting of corporate accounts and assets, in order to determine the total amounts Lucchesi and Mrs. Lucchesi have wrongfully taken from the company, and in order to determine the extent to which their negligent accounting has harmed the company.

81. Likewise, Tissot LLC seeks an accounting of Lucchesi's and Mrs. Lucchesi's personal financial records in order to determine the total amounts wrongfully taken from Sierra USA.

82. Sierra USA may have suffered additional losses relating to Lucchesi's and Mrs. Lucchesi's breach of fiduciary duty, which are not presently known to Tissot LLC.

83. Tissot LLC has previously contacted Lucchesi to obtain an accounting of monies he and Mrs. Lucchesi have taken from Sierra USA.

84. Lucchesi has not meaningfully responded to Tissot LLC's requests.

85. A remedy at law is inadequate because Lucchesi and Mrs. Lucchesi have caused injury to Tissot LLC and have refused to adequately provide an accounting prior to this lawsuit.

86. The full extent of Tissot LLC's damages can only be ascertained through an accounting.

87. Tissot LLC is entitled to an accounting of all corporate accounts and assets of Sierra USA, and an accounting of the personal financial records of Lucchesi and Mrs. Lucchesi,

as well as any other such relief that the Court deems appropriate under the circumstances.

## COUNT VIII – DECLARATORY JUDGMENT
*Against All Defendants*

88. In this count, Plaintiffs re-allege all allegations in paragraphs 1 through 87 as if fully set forth here.

89. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201.

90. Based on the facts alleged, there is a substantial continuing controversy between Plaintiff and Defendants regarding their legal rights.

91. Lucchesi and Mrs. Lucchesi have breached their fiduciary duty to Tissot LLC. Specifically, Lucchesi and Mrs. Lucchesi have breached their fiduciary duty by paying themselves excessive salaries, and by engaging in negligent accounting practices.

92. Lucchesi's and Mrs. Lucchesi's continued conduct in the misappropriation of Sierra USA's corporate funds and their continued negligent bookkeeping has injured and will continue to injure Tissot LLC by damaging its 50% ownership in Sierra USA.

93. The Defendants have infringed on Sierra Brasil's trademark and trade name.

94. Specifically, Sierra Brasil has not authorized Defendants to use its trademark and trade name in promoting, marketing, or selling others' products.

95. The continued use of the "Sierra" mark and name by Defendants has caused and will continue to cause injury to Sierra Brasil by diminishing its goodwill, diminishing its reputation, and generally inhibiting it from conducting its business.

96. Plaintiffs are entitled to an entry of declaratory judgment in its favor and against Defendants, along with such other and further relief as the Court may deem just and proper.

**WHEREFORE,** Plaintiffs respectfully request this Court:

a. Award Tissot LLC actual damages;

  b.  Grant Sierra Brasil preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116, Fla. Stat. § 495.151, and Fla. Stat. § 501.211(1);

  c.  Award Sierra Brasil actual damages, including but not limited to damages under 15 U.S.C. § 1117, Fla. Stat. § 495.151, and Fla. Stat. § 501.211(2);

  d.  Award Sierra Brasil treble damages under 15 U.S.C. § 1117(a);

  e.  Award Sierra Brasil treble damages under Fla. Stat. § 495.141;

  f.  Award Plaintiffs reasonable attorney fees under 15 U.S.C. § 1117, Fla. Stat. § 495.141, and Fla. Stat. § 501.2105(1);

  g.  Grant Tissot LLC an accounting of Sierra USA's assets, and an accounting of Lucchesi's and Mrs. Lucchesi's financial records;

  h.  Declare that Lucchesi and Mrs. Lucchesi breached their fiduciary duty to Tissot LLC;

  i.  Declare that Lucchesi and Mrs. Lucchesi injured Sierra USA and Tissot LLC by engaging in negligent accounting practices;

  j.  Declare Sierra Brasil the rightful owner of the "Sierra" trade name, as it affects furniture sales in the South Florida area;

  k.  Award Plaintiffs prejudgment interest;

  l.  Award Plaintiffs the costs of this action; and

  m.  Grant any other such relief that the Court deems appropriate under the circumstances.

## **DEMAND FOR JURY TRIAL**

Sierra Brasil demands a trial by jury of all issues so triable.

Dated: August 30, 2016

                                                        Respectfully submitted,

                                                        */s/ Rodney Quinn Smith*

                                                        **GST, LLP**
                                                        Rodney Quinn Smith
                                                        Fla. Bar No. 59523
                                                        e-mail: quinn.smith@gstllp.com
                                                        John Derek Womack
                                                        Fla. Bar. No. 93318
                                                        e-mail: derek.womack@gstllp.com
                                                        175 S.W. 7th Street
                                                        Suite 2110
                                                        Miami, Florida 33130
                                                        (T) (305) 856-7723
                                                        (F) (786) 220-8265